IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, et al., | : : : | Case No. 1:11-CV-495 |
| Plaintiffs, | : : | |
| v. | : : | Judge Dlott |
| JPMORGAN CHASE BANK, N.A., et al., | : : | ORAL ARGUMENT REQUESTED |
| Defendants. | : | |

---

## PLAINTIFFS' MOTION TO REMAND

---

The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company and Fort Washington Investment Advisors, Inc. respectfully move this Court to remand this action back to the Court of Common Pleas, Hamilton County and for an award of attorney fees pursuant to 28 U.S.C. Sections 1447(c) and 1334.  A Memorandum in Support of this motion and Declaration of Adam C. Sherman are attached.

Respectfully submitted,

/s/ Glenn V. Whitaker
Glenn V. Whitaker, Trial Attorney  (0018169)
gvwhitaker@vorys.com
Eric W. Richardson (0066530)
ewrichardson@vorys.com
Adam C. Sherman (0076850)
acsherman@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
Telephone:     (513) 723-4000
Facsimile:     (513) 852-7885

David H. Wollmuth (*pro hac vice to be filed*)
dwollmuth@wmd-law.com
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:     (212) 382-3300
Facsimile:     (212) 382-0050

*Attorneys for Plaintiffs The Western and Southern Life
Insurance Company, Western-Southern Life Assurance
Company, Columbus Life Insurance Company, Integrity
Life Insurance Company, National Integrity Life Insurance
Company and Fort Washington Investment Advisors, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND ......................................................................................................................3

ARGUMENT ............................................................................................................................6

I.  This Court Should Remand the Action to Ohio State Court...........................................6

    A.  Section 22(a) of the Securities Act Unequivocally Mandates Remand............6

    B.  Defendants' Reliance on *California Public Employees* is Misplaced ..............8

II.  Defendants Have Failed to Establish "Related To" Bankruptcy Jurisdiction..............10

    A.  There is No "Related To" Jurisdiction Because the Time for Filing
       Claims in the Relevant Bankruptcy Cases Cited Has Expired ........................10

         1.  The Claims' Bar Date Has Passed in the Bankruptcies of
            Alliance, Cameron, Franklin, Irwin and Lancaster.............................11

         2.  There Can Be No Conceivable Impact on the Bankruptcies
            Of Aeigis, AHM, First Magnus, New Century and Net Bank.............12

    B.  Any Purported Connection Between the Originators' Bankruptcy
       Cases and This Action is Far Too Tenuous to Support "Related To"
       Jurisdiction ....................................................................................................13

III.  If "Related To" Jurisdiction Exists, This Court Should Abstain
    From Exercising It .......................................................................................................15

IV.  There is No Preemption or Federal Question Jurisdiction Under FIRREA.................17

    A.  There is No Federal Question Jurisdiction Under FIERRA ...........................17

    B.  There is No FIRREA Preemption ..................................................................18

    C.  JPMC's FDIC Action Does Not Provide Federal Question Jurisdiction.........19

CONCLUSION.......................................................................................................................20

**TABLE OF AUTHORITIES**

**Cases**                                                                   **Page**

*Accord First Nat'l Bank of Pulaski v. Curry*,
    301 F.3d 456 (6th Cir. 2002) ...........................................................................6

*Ahearn v. Charter Twp.*,
    100 F.3d 451 (6th Cir. 1996) ...........................................................................6

*American Pipe Construction Co. v. Utah*,
    414 U.S. 538 (1974)........................................................................................7, 8

*AmSouth Bank v. Dale*,
    386 F.3d 763 (6th Cir. 2004) .........................................................................18

*Beneficial Nat'l Bank v. Anderson*,
    539 U.S. 1 (2003)...............................................................................17, 18, 19

*Bolduc v. Beal Bank, SSB*,
    994 F. Supp. 82 (D.N.H. 1998).......................................................................18

*Bower v. Am. Cas. Co.*,
    2001 U.S. App. LEXIS 18053 (6th Cir. Aug. 6, 2001) ....................................6

*Brierly v. Alusuisse Flexible Packaging, Inc.*,
    184 F.3d 527 (6th Cir. 1999) ...........................................................................6

*Broughton-Irving v. Saphir*,
    2010 U.S. Dist. LEXIS 123096 (N.D. Ill. Nov. 18, 2010)..............................18

*Cal. Pub. Employees Ret. Syst. v. Worldcom, Inc.*,
    368 F.3d 86 (2d Cir. N.Y. 2004).......................................................................8

*Cardinal Indus., Inc. v. Suitt Constr. Co., Inc.*,
    142 B.R. 807 (Bkrtcy. S.D. Ohio 1992)..........................................................16

*Caterpillar Inc. v. Williams*,
    482 U.S. 386, 96 L. Ed. 2d 318 S. Ct. 2425 (1987)........................................17

*Charles Schwab Corp. v. BNP Baripas Sec.*,
    2011 WL 724696 (N.D. Cal. Feb. 23, 2011) ............................................16-17

*City of Birmingham Ret. & Relief Fund v. Citigroup*, Inc.,
    2003 WL 22697225 (N.D. Ala. Aug. 12, 2003) ...............................................7

*Coward v. AC & S, Inc.*,
    91 Fed. Appx. 919 (5th Cir. 2004).......................................................................14

*Cunningham v. Pension Ben. Guar. Corp.*,
    235 B.R. 609 (N.D. Ohio 1999)......................................................................12, 13

*Fed. Home Loan Bank of Atlanta v. Countrywide Sec. Corp.*,
    2011 WL 1598944 (N.D. Ga. Apr. 22, 2011)........................................10, 11, 13

*Fed. Home Loan Bank of Chicago v. Banc of Am. Funding Corp.*,
    No. 10-7560, 760 F. Supp. 2d 807 (N.D. Ill. Jan. 18, 2011)............................17

*Fed. Home Loan Bank of Chicago v. Banc of Am. Secs. LLC*,
    448 B.R. 517 (C.D. Cal. 2011) .........................................................................16

*Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*,
    No. C10-0139 RSM, 2010 WL 3662345 (W.D. Wash. Sept. 1, 2010) ............16

*Fed. Home Loan Bank of Seattle v. Deutsche Bank Secs., Inc.*,
    736 F. Supp. 2d 1283 (W.D. Wash. 2010)................................................. 16-17

*Fed. Home Loan Bank of San Francisco v. Deutsche Bank Secs., Inc.*,
    Nos. 10-3039 SC, 10-3045 SC, 2010 WL 5394742 (N.D. Cal. Dec. 20, 2010)...............17

*Ill. Mun. Ret. Fund v. Citigroup, Inc.*,
    2003 U.S. Dist. Lexis 16255 (S.D. Ill. Sept. 9, 2003) .......................................7

*In re Asbestos Litig.*,
    271 B.R. 118 (S.D. W.Va. 2001) .......................................................................14

*In re Baumgartner*,
    57 B.R. 517 (Bankr. S.D. Ohio 1986)...............................................................16

*In re Chateaugay Corp.*,
    213 B.R. 633 (S.D.N.Y. 1997)..........................................................................15

*In re Craig's Stores of Tex., Inc.*,,
    266 F.3d 388 (5th Cir. 2001) ............................................................................12

*In re Dow Corning Corp.*,
    86 F.3d 482 (6th Cir. 1996) ..............................................................................15

*In re Fairfield Cmtys., Inc.*,
    142 F.3d 1093 (8th Cir. 1998) ..........................................................................12

*In re Federal-Mogul Global Inc.*,

  300 F.3d 368 (3d Cir. 2002).....................................................................................14

*In re Johns-Manville Corp.*,
  7 F.3d 31 (2d Cir. 1993)........................................................................................12

*In re Nat'l Century Fin. Enters.*,
  323 F. Supp. 2d 861 (S.D. Ohio June 10, 2004)..........................................15, 16

*In re Salem Mortgage Co.*,
  783 F.2d 626 (6th Cir. 1986) ...............................................................................13

*In re Spaulding & Co.*,
  131 B.R. 84 (N.D. Ill. 1990) ................................................................................14

*In re Thickstun Bros. Equip. Co.*,
  344 B.R. 515 (B.A.P. 6th Cir. 2006)....................................................................12

*In re TWA*,
  278 B.R. 42 (Bankr. D. Del. 2002) ......................................................................17

*In re United Container LLC*,
  284 B.R. 162 (Bankr. S.D. Fla. 2002) ............................................................ 10-11

*In re Wharry*,
  91 B.R. 31 (Bankr. N.D. Ohio 1988) ...................................................................11

*Johnston v. Morton Plant Mease Healthcare, Inc.*,
  2007 WL 570078 (M.D. Fla. Feb. 20, 2007) .......................................................10

*Lockett v. Marsh USA, Inc.*,
  354 Fed. Appx. 984, 2009 U.S. App. LEXIS 26266 (6th Cir. 2009) ..................18

*Long v. Bando Mfg. of Am., Inc.*,
  201 F.3d 754 (6th Cir. 2000) ...........................................................................6, 13

*MBIA Ins. Corp. v. Indymac ABS, Inc.*,
  No 09-07737 SJO (PJWX) (C.D. Cal. Dec. 23, 2009) ........................................11

*Ohio ex rel. Skaggs v. Brunner*,
  629 F.3d 527 (6th Cir. 2010) ...............................................................................18

*Pacor, Inc. v. Higgins*,
  743 F.2d 984 (3rd Cir. 1984) ...............................................................................14

*Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust et al v. J.P. Morgan*

*Acceptance Corporation I et al.*,
   2:08-cv-01713-ERK-WDW (E.D.N.Y) .............................................................................7

*Retirement Sys. of Ala. v. J. P. Morgan Chase & Co.*,
   285 B.R. 519 (M.D. Ala. 2002) ....................................................................................14

*Rivet v. Regions Bank*,
   522 U.S. 470 (U.S. 1998)...............................................................................................19

*Robinson v. Michigan Consol. Gas. Co.*, Inc.,
   918 F.2d 579 (6th Cir. 1990) ...................................................................................10, 13

*Sanders Confectionery Prods. v. Heller Fin., Inc.*,
   973 F.2d 474 (6th Cir. 1992) ........................................................................................10

*Schroeder v. Honeywell Int'l*,
   2002 WL 32107932 (S.D. Tex. Jan. 23, 2002) ..............................................................13

*Shamrock Oil & Gas Corp. v. Sheets, v.Charter Twp.*,
   100 F.3d 451 (6th Cir. 1996) ..........................................................................................6

*Skylark v. Honeywell Int'l, Inc.*,
   2002 WL 32101980 (S.D. Fla. Jan. 25, 2002) ..............................................................14

*Soliday v. Miami County*,
   55 F.3d 1158 (6th Cir. 1995) ...........................................................................................9

*Solomon v. Sprint Spectrum L.P.*,
   2003 U.S. Dist. LEXIS 26068 (N.D. Ohio Aug. 27, 2003) ...........................................18

*Stratton v. Wommack*,
   230 Fed. Appx. 491 (6th Cir. 2007)................................................................................8

*Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*,
   2004 U.S. Dist. LEXIS 24043 (M.D. Tenn. Oct. 8, 2004) .........................................7, 8

*Transue & Williams Stamping Co. v. Jackson (In re Transue & Williams Stamping Co.)*,
   1994 WL 413308 (Bankr. N.D. Ohio July 6, 1994) ......................................................11

*Vaccariello v. Smith & Nephew Richards, Inc.*,
   94 Ohio St. 3d 380 (Ohio 2002).................................................................................7, 8

*Valinski v. Edison*,
   197 Fed. Appx. 403 (6th Cir. 2006).............................................................................18

*Vill. of Oakwood v. State Bank & Trust Co.*,
   481 F.3d 364 (6th Cir. 2007) (*Village of Oakwood I*) ......................................................19

*Vill. of Oakwood v. State Bank & Trust Co.*,
   539 F.3d 373 (6th Cir. 2008) (*Village of Oakwood II*) ....................................................19

*Wise v. Travelers Indem. Co.*,
   192 F. Supp. 2d 506 (N.D. W.Va. 2002) ..........................................................................14

**STATUTES:**                                                                 **Page**

15 U.S.C.S. § 77v...............................................................................................................7

28 U.S.C. § 1331 ..............................................................................................................5

28 U.S.C. § 1334..................................................................................................... *passim*

28 U.S.C. § 1441 ...........................................................................................................5, 6

28 U.S.C. § 1446 ..............................................................................................................5

28 U.S.C. § 1447 ..............................................................................................................1

28 U.S.C. § 1452 ..............................................................................................................5

Fed. R. Bankr. P. 3002....................................................................................................11

ORC §§ 1707.41 .............................................................................................................15

ORC §§ 1707.43 .............................................................................................................15

ORC §§ 1707.44 .............................................................................................................15

## MEMORANDUM IN SUPPORT

The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company and Fort Washington Investment Advisors, Inc. (collectively, "Western & Southern") respectfully submit this memorandum of law and the Declaration of Adam C. Sherman, dated August 25, 2011 ("Sherman Decl."), in support of their motion to remand this action back to the Court of Common Pleas, Hamilton County and for an award of attorney fees pursuant to 28 U.S.C. Sections 1447(c) and 1334. Plaintiffs request oral argument because of the significant factual and legal issues raised by Defendants' removal.

## PRELIMINARY STATEMENT

The JPMorgan Defendants[1] and the WaMu Defendants[2] are not bankrupt. Yet, they claim federal bankruptcy jurisdiction based upon the bankruptcies of third parties with only an attenuated connection to the claims made against the Defendants in this case. That connection cannot form the basis of "related to" bankruptcy jurisdiction.

The Defendants defrauded purchasers of securities in Ohio, including the Ohio-based plaintiffs in this case. In connection with their fraudulent conduct, the Defendants or their affiliates have filed forged and false documentation in foreclosures nationwide, including in the Court of Common Pleas for Hamilton County. Their misconduct is currently the focus of criminal investigations commenced by the Attorneys General of all fifty states and federal

---

[1] References to the "JPMorgan Defendants" include JPMorgan Chase Bank, N.A.; J.P. Morgan Mortgage Acquisition Corporation; J.P. Morgan Securities LLC; and J.P. Morgan Acceptance Corporation I.

[2] References to the "WaMu Defendants" include WaMu Asset Acceptance Corporation; WaMu Capital Corporation; Washington Mutual Mortgage Securities Corporation and JPMorgan Chase Bank in its capacity as successor to Washington Mutual Bank. The WaMu Defendants and the JPMorgan Defendants are referred to collectively as "Defendants."

authorities.  Not surprisingly, Defendants desperately want to avoid being sued in the state courts of Ohio and have contorted the federal removal statutes in an attempt to prevent that result here.

Western & Southern commenced this action in state court – where it belongs – asserting claims under the Ohio Securities Act ("OSA"), common-law claims and non-removable claims under the Securities Act of 1933 (the "Securities Act") related to Defendants' sale of mortgage-backed securities to Western & Southern (the "Certificates").  Defendants fundamentally misrepresented the Certificates in the offering materials (the "Offering Materials") associated with the Certificates and Western & Southern suffered massive losses as a result.

Congress has expressly provided that when an individual investor files a state court complaint which includes Securities Act claims, a defendant may not remove the case to federal court regardless of whether the defendant claims an alternative basis for federal jurisdiction.  This case falls squarely within the purview of that rule and thus this case should be remanded.

Despite this Congressional mandate, Defendants filed a notice of removal arguing that this action is "related to" bankruptcy cases filed by a group of loan originators that provided only a limited number of the loans underlying the six WaMu securitizations that are part of this action (the "WaMu Offerings").  Defendants claim that the WaMu Defendants "may" have a right to indemnification from the bankrupt originators.  But Defendants have not provided copies of the purported indemnification agreements nor indicated whether the loans underwritten by the bankrupt originators were within the group that failed to conform with the underwriting guidelines touted by Defendants.  Moreover, the deadlines to file claims in the bankruptcy cases Defendants refer to have long since passed, and the WaMu Defendants failed to file a claim for indemnity on any of the relevant mortgages.  As a result, Defendants have not come close to meeting their burden of establishing "related to" jurisdiction and cannot do so.

In a desperate attempt to avoid Ohio State court, Defendants ask this Court to make new law.  JPMorgan Chase Bank, N.A. ("JPMC") purportedly intends to allege that Western & Southern failed to exhaust certain administrative remedies in proceedings before the Federal Deposit Insurance Company (the "FDIC"), and further claim that that alleged failure is an affirmative defense to certain of Western & Southern's claims against it.  JPMC thus asks this Court to exercise jurisdiction over this case because of its purported intent to assert an uncompelling affirmative defense that is loosely based upon federal law.  That, however, is no reason for this Court to exercise jurisdiction.  A state court can capably assess JPMC's purported defense, particularly given that nothing in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), cited by Defendants, suggests that FIRREA preempts Western & Southern's claims in the present action.

Accordingly, Defendants have not established that this Court should exercise jurisdiction over this case and it is respectfully submitted that this Court should therefore grant Western & Southern's motion to remand this action to the Court of Common Pleas for Hamilton County and award Western & Southern the attorney fees it incurred in responding to Defendants' removal.

## BACKGROUND

During the housing boom of the mid-2000s, Defendants and their affiliates routinely granted new mortgage loans that should never have been approved.  In doing so, Defendants abandoned their own standards for mortgage origination in an effort to vastly increase their volume of new mortgage loans.  Defendants often did not retain significant exposure to the risk that the loans would not be repaid.  Instead, Defendants packaged the loans and sold them to so-

called "securitization trusts."  Defendants marketed and sold securities to investors such as the

Plaintiffs herein representing interests in the trusts' pools of mortgages.[3]

The Offering Materials associated with the Certificates represented that the loans

underlying each offering were underwritten in accordance with underwriting standards designed

to ensure that the borrowers would be able to repay their loans and that the properties supposedly

securing such loans served as adequate collateral.  This was not true.  To the contrary, the

Defendants systemically disregarded the underwriting standards they touted.

The Offering Materials also represented that Defendants would ensure that good title to

each mortgage would be transferred to the relevant issuing trust and that the loan files would be

delivered to the trustee on behalf of the trust.  Of course, these actions were necessary to ensure

that the trustees could efficiently foreclose upon a loan after default.  These representations were

false.  Defendants made virtually no effort to assign notes to the trusts and transfer loan files or

original notes.  To cover up this fact, Defendants have engaged in a coordinated effort to forge

assignment documentation and mislead courts nationwide.  They employ teams of "robo-signers"

who execute tens of thousands of foreclosure documents per month, some of which were outright

forgeries and all of which were necessarily false because they purport to represent that they are

based on the personal knowledge of the "robo-signers" who in fact had no such knowledge.

Attorneys General from all fifty states are currently investigating the misdeeds of the

mortgage industry players who attempted to cover up the widespread failure to properly assign

mortgage loans to securitization trusts by attempting to foreclose on homes without proper

documentation.  And courts nationwide are cracking down on Defendants' fraudulent

---

[3] The WaMu Defendants were prominently featured in the Senate Permanent Subcommittee on Investigations ("PSI") April 2011 report which devoted over 100 pages to a case study of their misconduct in the issuance of mortgage-backed securities.  The PSI aptly described that study as follows:  "how one bank's strategy for growth and profit led to the origination and securitization of hundreds of billions of dollars in poor quality mortgages that undermined the U.S. financial system."

misrepresentations and abuse of judicial process. As a result, Defendants have had to take the unprecedented step of suspending foreclosures in many states and, even where foreclosures are allowed to proceed, Defendants have often been unable to foreclose because they simply do not have the documentation to do so. Unsurprisingly, such practices and other failures to follow their underwriting guidelines have seriously undermined the value of the related Certificates and have cause unprecedented losses to investors including Western & Southern.

On June 22, 2011, Western & Southern filed this action in the Court of Common Pleas for Hamilton County. On July 21, 2011, Western & Southern filed an Amended Complaint.[4] Both complaints asserted claims under the OSA, including ORC §§ 1707.41, 1707.43 and 1707.44, as well as negligent misrepresentation claims against the JPMorgan Defendants in connection with four offerings that they securitized and sold to Western & Southern (the "JPMorgan Offerings").[5] With respect to two of the four JPMorgan Offerings, Western & Southern asserted claims under the Securities Act. Both Complaints also asserted OSA claims, common-law fraud claims and negligent misrepresentation claims against the WaMu Defendants in connection with six separate WaMu Offerings.[6]

On July 22, 2011, the Defendants filed a notice removing this action to this Court, purportedly pursuant to 28 U.S.C §§ 1331, 1334, 1441, 1446 and 1452. On July 26, 2011, Defendants filed an amended notice of removal (the "Notice of Removal" or "NOR") to reflect

---

[4] Defendants' initial Notice of Removal appears to have been filed before service of the Amended Complaint was complete under the Ohio Rules of Civil Procedure. However, the Amended Complaint, dated August 1, 2011, is currently the operative complaint in this action.

[5] The JPMorgan Offerings include J.P. Morgan Alternative Loan Trust 2005-S1 ("JPMALT 2005-S1"), J.P. Morgan Trust 2005-S3 ("JPMMT 2005-S3"), J.P. Morgan Acquisition Trust 2006-WF1 ("JPMAC 2006-WF1"), and J.P. Morgan Acquisition Trust 2007-CH1 ("JPMAC 2007-CH1") (collectively, the "JPMorgan Trusts").

[6] The WaMu Offerings include, Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-7 Trust ("WMALT 2005-7"), Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-9 Trust ("WMALT 2005-9"), Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-4 Trust ("WMALT 2006-4"), Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-5 Trust ("WMALT 2006-5"), Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9 Trust ("WMALT 2006-9"), and Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-OA3 Trust ("WMALT 2007-OA3").

their filing of a third party complaint against the Federal Deposit Insurance Corporation (the "FDIC"). *See* DKT # 13.

**ARGUMENT**

Defendants seek to remove this action without proper grounds for doing so and therefore this case should be remanded. In pertinent part, removal is limited to cases "of which the district courts have original jurisdiction founded on a claim arising under the Constitution, treaties or laws of the United States" or to cases that could have otherwise been filed in federal court. 28 U.S.C. §§ 1441(a), (b). It is well established that "[t]he burden of showing that the district court has original jurisdiction is on the party seeking removal." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). The Defendants have failed to carry that burden.

The Sixth Circuit has repeatedly cautioned that "statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *accord First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) ("the removal statutes are to be narrowly construed"); *Long*, 201 F.3d at 757. Such statutes should be strictly construed out of "[d]ue regard for state governments' rightful independence [which] requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits." *Ahearn v. Charter Twp.*, 100 F.3d 451, 454 (6th Cir. 1996) (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). Thus, there is a strong presumption against removal and any doubts concerning removability should be decided in favor of remand back to state court. *See Bower v. Am. Cas. Co.*, 2001 U.S. App. LEXIS 18053, at *12-13 (6th Cir. Aug. 6, 2001).

**I.      This Court Should Remand the Action to Ohio State Court**

      **A.      Section 22(a) of the Securities Act Unequivocally Mandates Remand**

6

Section 22(a) of the Securities Act provides that "no case arising under [the Securities Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." *See* 15 U.S.C. § 77v. This provision could not be clearer – *i.e.*, a complaint filed in state court that asserts Securities Act claims cannot be removed and *must* be remanded if a defendant attempts to remove it. *See Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, 2004 U.S. Dist. LEXIS 24043 (M.D. Tenn. Oct. 8, 2004) (Section 22(a) mandates remand regardless of whether or not there is an independent basis for federal jurisdiction); *Ill. Mun. Ret. Fund v. Citigroup, Inc.*, 2003 U.S. Dist. LEXIS 16255, at *6 (S.D. Ill. Sept. 9, 2003) (same); *City of Birmingham Ret. & Relief Fund v. Citigroup*, Inc., 2003 WL 22697225, at *3 (N.D. Ala. Aug. 12, 2003) (same). As a result, even if Defendants could establish a basis for federal jurisdiction over this action – and they cannot (see Points II-IV, *infra*) – this action must be remanded.

Defendants do not dispute that Western & Southern asserted Securities Act claims against the JPMorgan Defendants. Instead, Defendants ask the Court to ignore those claims because they are time-barred. NOR ¶ 27. However, the limitations period for Western & Southern's Securities Act claims has been tolled since March 2008 by the timely filing of the class action complaint in *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust et al v. J.P. Morgan Acceptance Corporation I et al.*, 2:08-cv-01713-ERK-WDW (E.D.N.Y). *See* Am. Compl. ¶ 317; *American Pipe Construction Co. v. Utah*, 414 U.S. 538, 554 (1974) (once a complaint is filed purporting to assert class claims, the rights of absent members of the class to bring suit are preserved at least until class certification is denied); *Vaccariello v. Smith & Nephew Richards, Inc.*, 94 Ohio St. 3d 380, 382-383 (2002) ("the filing of a class action, whether in Ohio or the federal court system, tolls the statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action").

Because the limitations periods for Western & Southern's Securities Act claims have been tolled by *American Pipe* and *Vaccariello*, Section 22(a) mandates remand of this case to Ohio State court. At a minimum, if any question remains about the application of *American Pipe* and *Vaccariello* tolling, because such an inquiry is highly fact intensive, it is not properly made on the current record before the court. *See, e.g.*, *Stratton v. Wommack,* 230 Fed. Appx. 491, 498 (6th Cir. 2007) ("[W]hether a claim is barred by a statute of limitations is a factually intensive claim that this court is ill-equipped to consider in the first instance.") (internal citations omitted).

**B.    Defendants' Reliance on *California Public Employees* is Misplaced**

Defendants glibly assert that this Court should disregard the clear language in Section 22(a) because the Second Circuit has found Section 22(a) inapplicable where bankruptcy "related to" jurisdiction exists. *See* NOR ¶ 25 (*citing Cal. Pub. Employees Ret. Syst. v. Worldcom, Inc.*, 368 F.3d 86, 107 (2d Cir. 2004)). This argument fails for at least three reasons.

First, as set forth in Sections II-III, this action is not "related to" a bankruptcy case within the meaning of 28 U.S.C. § 1334.[7]

Second, the only court within the Sixth Circuit that has considered the Second Circuit's holding in *California Public Employees* has expressly rejected it. *Tennessee Consolidated Retirement* System, 2004 U.S. Dist. LEXIS 24043 at *2, 5-6 (stating that "the Second Circuit decision misapplies Supreme Court precedent [and] erroneously utilizes a rule of statutory construction to set aside a clear statutory mandate"). After the *Tennessee Consolidated* case was removed to District Court on "related to" bankruptcy grounds, the court held that Section 22(a) unambiguously required remand. *Id.* at *19.

---

[7] It is worth noting that if Defendants were correct that Western & Southern's Securities Act claims are time barred – and they are not – then this Court is required to abstain from exercising "related to" jurisdiction because only state claims would remain in the case. *See* 28 U.S.C. § 1334(c)(2); Point III, *infra*. On the other hand, if the Securities Act claims are alive, then this Court is required to remand the case under Section 22(a).

Third, even if *California Public Employees* were considered persuasive, it provides absolutely no support for the exercise of federal jurisdiction with regard to the JPMorgan Defendants. Defendants do not argue that there is "related to" bankruptcy jurisdiction with respect to Western & Southern's claims against the JPMorgan Defendants. Instead, they argue that there is "related to" jurisdiction over the claims against the WaMu Defendants – and that such "related to" jurisdiction confers supplemental jurisdiction over the claims against the JPMorgan Defendants. This argument fails because supplemental jurisdiction only applies where such claims arise out of the same nucleus of operative facts as those supporting the asserted federal claims. *See Soliday v. Miami County*, 55 F.3d 1158, 1165 (6th Cir. 1995) (no supplemental jurisdiction where state law claim did not arise out of a "common nucleus of operative facts").

Defendants cannot dispute that Western & Southern's claims against the JPMorgan Defendants involve the JPMorgan Offerings, which are wholly distinct from the WaMu Offerings. *Compare* Am. Compl. ¶¶ 64-117 (JPMorgan Offerings) with Am. Compl. ¶¶ 118-124 (WaMu Offerings). At the time of the offerings in this case, JPMorgan and WaMu were distinct and separate public companies, with their own management teams and principal places of business at opposite ends of the country. The only reason that both sets of offerings are part of the same action is because JPMorgan acquired the WaMu Defendants after WaMu Bank's monumental collapse. In other words, this action could have been brought as two separate lawsuits, one against the JPMorgan Defendants in connection with offerings issued by JPMorgan entities and one against the WaMu Defendants relating to offerings issued by WaMu entities. They involve entirely separate securities, misconduct, company employees and damages.

Moreover, while it is *not* the case here, even if supplemental jurisdiction could be exercised over the claims against the JPMorgan Defendants and there were federal jurisdiction over the WaMu claims, the Court would still have to sever the claims against the JPMorgan Defendants and remand them to state court because they are non-removable claims. *See Johnston v. Morton Plant Mease Healthcare, Inc.*, 2007 WL 570078, at *3 (M.D. Fla. Feb. 20, 2007) (a district court cannot exercise supplemental jurisdiction over claim Congress expressly provided is non-removable; the non-removable claim must be severed and remanded to state court).

## II.     Defendants Have Failed to Establish "Related To" Bankruptcy Jurisdiction

Under Sixth Circuit law, "related to" jurisdiction exists only where the outcome of a claim could conceivably have an effect on the subject bankrupt estates. *Robinson v. Michigan Consol. Gas. Co.*, Inc., 918 F.2d 579, 583 (6th Cir. 1990). Defendants contend, however, that this Court has "related to" jurisdiction pursuant to 28 U.S.C. Section1334(b) based on alleged *potential* indemnification claims that the WaMu Defendants *may* have against a group of bankrupt originators.[8] Defendants are wrong because to qualify for "related to" jurisdiction, the action must "alter the debtor's rights or liabilities" and "an extremely tenuous connection" between the action and the subject bankruptcy – as here – "will not suffice." *Sanders Conf. Prods. v. Heller Fin., Inc.*, 973 F.2d 474, 482 (6th Cir. 1992) (internal citations omitted).

### A.     There is No "Related To" Jurisdiction Because the Time for Filing Claims in the Relevant Bankruptcy Cases Cited Has Expired

---

[8] Defendants concede this is not a core bankruptcy proceeding or a case arising under the bankruptcy code within the meaning of Section 1334. The bankrupt originators are Aegis Mortgage Corporation ("Aegis"), Alliance Bancorp, Inc. ("Alliance"), American Home Mortgage Corporation ("AHM"), Cameron Financial Group, Inc. ("Cameron"), First Magnus Financial Corporation ("First Magnus"), Franklin Bank SSB ("Franklin"), Irwin Mortgage Corporation ("Irwin"), Lancaster Mortgage Bankers, LLC ("Lancaster"), New Century Mortgage Corporation ("New Century"), and/or Net Bank, or subsidiaries of such entities, who are currently in bankruptcy. *See* NOR ¶ 18.

10

There is no "related to" jurisdiction because "there is no reason to believe that the administration of the bankruptcy estate will be impaired by the adjudication of this case in state court." *See Fed. Home Loan Bank of Atlanta v. Countrywide Sec. Corp.*, 2011 WL 1598944, at *3 (N.D. Ga. Apr. 22, 2011) (citing *In re United Container LLC*, 284 B.R. 162, 175 (Bankr. S.D. Fla. 2002) ("In a chapter 7 case or a chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly accumulation and distribution of assets, the requirement of timely adjudication is seldom significant.")). In *Federal Home Loan Bank of Atlanta*, *as here*, the mortgage loan originators were either in Chapter 7 proceedings or had confirmed liquidation plans under Chapter 11. *Id.* There is also therefore *no reason* in this case to believe that adjudication in Ohio State court of Western & Southern's claims will impair the administration of the bankruptcies cited by Defendants.

### 1. The Claims Bar Date Has Passed in the Bankruptcies of Alliance, Cameron, Franklin, Irwin and Lancaster

Pursuant to Bankruptcy Rule 3002(c), in chapter 7 liquidation a proof of claim must be filed "not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code." Fed. R. Bankr. P. 3002(c). "[T]he time set forth in Rule 3002 is an absolute bar to claims filed after the expiration of the 90 days." *In re Wharry*, 91 B.R. 31, 34 (Bankr. N.D. Ohio 1988). As set forth in the following table, in the Alliance, Cameron, Franklin, Irwin and Lancaster chapter 7 bankruptcies (collectively, the "Chapter 7 Bankruptcies"), Defendants have not filed a proof of claim concerning the transactions that are the subject of this action within 90 days after the first date set for the meeting of creditors pursuant to Section 341 of the Bankruptcy Code. Accordingly, this action can have no conceivable effect on the Chapter 7 Bankruptcies and they cannot confer "related to" jurisdiction over the claims against the

11

WaMu Defendants.[9]  *See, e.g., Transue & Williams Stamping Co. v. Jackson* (*In re Transue & Williams Stamping Co.*), 1994 WL 413308, at *6 (Bankr. N.D. Ohio July 6, 1994) (finding no conceivable effect on bankruptcy estate where none of the parties seeking removal had filed a proof of claim concerning the relevant transaction prior to the claim bar date).

| Chapter 7 Bankruptcies | | | |
|---|---|---|---|
| **Bankruptcy Estate** | **First Date Set for 341 Meeting** | **Last Date to File Claim** | **Claim Filed by a Defendant?** |
| Alliance | August 15, 2007. *See* Sherman Decl., Ex. A1, A2 | November 13, 2007. *See* Sherman Decl., Ex. A5 | **No.** *See* Sherman Decl., Ex. A5 |
| Cameron | March 31, 2008, *See* Sherman Decl., Ex. B1, B2 | Aug. 18, 2008, *See* Sherman Decl., Ex. B3 | **No.** *See* Sherman Decl., Ex. B3 |
| Franklin | Dec. 17, 2008, *See* Sherman Decl., Ex. C1, C2 | March 12, 2009, *See* Sherman Decl., Ex. C3 | **No.** *See* Sherman Decl., Ex. C3 |
| Irwin | Nov. 6, 2009, *See* Sherman Decl., Ex. D1, D2 | Feb. 10, 2010, *See* Sherman Decl., Ex. D3 | **No.** *See* Sherman Decl., Ex. D3 |
| Lancaster | Oct. 5, 2007, *See* Sherman Decl., Ex. E1, E2 | Jan 7, 2008, *See* Sherman Decl., Ex. E3 | **No.** *See* Sherman Decl., Ex. E |

### 2.  There Can Be No Conceivable Impact on the Bankruptcies of Aegis, AHM, First Magnus, New Century and Net Bank

The Sixth Circuit only permits exercise of "related to" jurisdiction in a post-confirmation Chapter 11 bankruptcy where there is a "close nexus" between the action and the bankruptcy plan or proceeding, and the action would affect "the interpretation, implementation, consummation, execution, or administration of the confirmed plan."  *In re Thickstun Bros. Equip. Co.*, 344 B.R. 515, 521 (B.A.P. 6th Cir. 2006) (internal citations omitted).  Any relationship between a *hypothetical* indemnification claim in a post-confirmation lawsuit, like those put forth by Defendants, cannot establish the essential "close nexus" to the implementation

---

[9] Defendants concede the Franklin and Irwin Chapter 7 bankruptcies involve entities that did not contribute a single mortgage loan to the securities at issue in the Complaint.  Rather, Defendants purport to conjure a connection between this action and the unaffiliated bankruptcies by pointing to the relationship between certain originators and the bankrupt entity.  Mere affiliation between a purported indemnitor and a bankrupt entity is clearly far too tenuous to form a basis for "related to" jurisdiction.  *See MBIA Ins. Corp. v. Indymac ABS, Inc.*, No 09-07737 SJO (PJWX) (C.D. Cal. Dec. 23, 2009) (finding no "related to" jurisdiction where removing defendants relied in part on bankruptcy of a corporate parent).

of a confirmed bankruptcy plan that will establish the necessary effect. *See*, *e.g.*, i*d.*;

*Cunningham v. Pension Ben. Guar. Corp.*, 235 B.R. 609, 616 (N.D. Ohio 1999).[10]

Here, as set forth in the following table, there are confirmed reorganization plans in each

of the Aegis, AHM, First Magnus, New Century and Net Bank Chapter 11 bankruptcies

(collectively, the "Chapter 11 Bankruptcies") and, to date, Defendants have not filed any proofs

of claims in any of those bankruptcies. Any claim they might have had has therefore been

extinguished. *See Cunningham*, 235 B.R. at 616; *see also* pp. 10-11, *supra* (citing, *inter alia*,

*Fed. Home Loan Bank of Atlanta*, 2011 WL 1598944, at \*3).

| Chapter 11 Bankruptcies | | |
|---|---|---|
| **Bankruptcy Estate** | **Chapter 11 Reorganization Plan** | **Date of Confirmation** |
| Aegis | *See* Sherman Decl., Ex. F1 | Oct. 20, 2010. *See* Sherman Decl., Ex. F2 |
| AHM | *See* Sherman Decl., Ex. G1 | Feb. 23, 2009. *See* Sherman Decl., Ex. G2 |
| First Magnus | *See* Sherman Decl., Ex. H1 | Feb. 28, 2008. *See* Sherman Decl., Ex. H2 |
| Net Bank | *See* Sherman Decl., Ex. I1 | Sept. 16, 2008. *See* Sherman Decl., Ex. I2 |
| New Century | *See* Sherman Decl., Ex. J1 | July 15, 2008. *See* Sherman Decl., Ex. J2 |

**B.      Any Purported Connection Between the Originators' Bankruptcy Cases and This Action is Far Too Tenuous to Support "Related To" Jurisdiction**

Defendants have the burden of "showing that the district court has original jurisdiction."

*Long*, 201 F.3d at 757. Here, that means Defendants must prove that the purported relationships

between the WaMu Defendants' hypothetical indemnification claims arising out of this action

and the bankruptcy estates are not too "tenuous" to support "related to" jurisdiction. *See*

*Robinson*, 918 F.2d at 584 ("'situations may arise where an extremely tenuous connection to the

---

[10] After plan confirmation, bankruptcy court jurisdiction is not required "to facilitate 'administration' of the debtor's estate, for there is no estate left to reorganize." *In re Craig's Stores of Tex., Inc.*, 266 F.3d 388, 390-391 (5th Cir. 2001). "After a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan." *Id.* (citing *In re Fairfield Cmtys., Inc.*, 142 F.3d 1093, 1095 (8th Cir. 1998); *In re Johns-Manville Corp.*, 7 F.3d 32, 34 (2d Cir. 1993)).

estate would not satisfy the jurisdictional requirement.'") (*quoting In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir. 1986)).

In particular, a contingent and hypothetical contribution or indemnity claim cannot support bankruptcy removal as a matter of law. *Schroeder v. Honeywell Int'l*, 2002 WL 32107932, at *1 (S.D. Tex. Jan. 23, 2002) ("potential claims for contribution and/or indemnity . . . are merely speculative and, at best, manifestly premature. The Court cannot accept hypothetical claims as a proper basis for federal jurisdiction."); *Retirement Sys. of Ala. v. J. P. Morgan Chase & Co.*, 285 B.R. 519, 529 (M.D. Ala. 2002) (remanding in part because "Defendants' indemnification claims are contingent, not absolute"); *Wise v. Travelers Indem. Co.*, 192 F. Supp. 2d 506, 518 (N.D. W.Va. 2002) (same); *Skylark v. Honeywell Int'l, Inc.*, 2002 WL 32101980, at *3 (S.D. Fla. Jan. 25, 2002); *In re Asbestos Litig.*, 271 B.R. 118, 126 (S.D. W.Va. 2001); *In re Spaulding & Co.*, 131 B.R. 84, 90 (N.D. Ill. 1990). Where, as here, the current action is at most a "precursor" to the potential contribution claim, that claim can have no impact on the bankruptcy estate. *See, e.g.*, *Coward v. AC & S, Inc.*, 91 Fed. Appx. 919, 923-24 (5th Cir. 2004); *see also Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3rd Cir. 1984); *In re Federal-Mogul Global Inc.*, 300 F.3d 368, 382 (3d Cir. 2002) (stating that because indemnification claims against debtor would necessitate another lawsuit before it could impact the debtor's estate, the finding that jurisdiction was lacking was not error).

According to Defendants, the ten originators cited in the Notice of Removal ***may*** have promised to indemnify the WaMu Defendants for liability incurred in this action if Western & Southern succeeds on its claims. NOR ¶ 19.[11] Of the ten originators whom Defendants claim originated loans underlying the WaMu Offerings, only two are identified in the Offering

---

[11] Defendants do not assert that any of the originators of mortgage loans disclosed in the four separate JPMorgan offerings that are part of this action (the "JPMorgan Offerings") went bankrupt or that there is "related to" jurisdiction with respect to the claims against the JPMorgan Defendants.

Materials as loan originators. See Sherman Decl. Ex K1 at S-5, K2 at S-5, K3 at S-5, K4 at S-67, K5 at S-8, K6 at S-4, K7 at 2 and K8 at S-6. As to the remaining eight alleged originators, Defendants have not provided any proof that they underwrote any loans included in the WaMu Offerings or that such loans were problematic loans. Defendants have also failed to offer a scintilla of proof suggesting that any mortgage loan originator promised to provide indemnity to the WaMu Defendants that could apply to this lawsuit. Defendants cannot "robo-sign" their way into federal court. They need to provide evidence to back up their claims and their failure to do so is fatal to their bid for removal. *See In re Chateaugay Corp*., 213 B.R. 633, 640 (S.D.N.Y. 1997) (no jurisdiction "in absence of any articulated legal basis for an indemnity action"); *In re Nat'l Century Fin. Enters*., 323 F. Supp. 2d 861, 870 (S.D. Ohio June 10, 2004) (same).

III.     **If "Related To" Jurisdiction Exists, This Court Should Abstain From Exercising It**

Assuming, *arguendo*, that "related to" jurisdiction could be established (and it cannot), it is respectfully submitted that this Court must abstain from exercising that jurisdiction. For mandatory abstention to apply under 28 U.S.C. Section 1334(c)(2), a proceeding must: "(1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding." *In re Dow Corning Corp.*, 86 F.3d 482, 497 (6th Cir. 1996).

All of those criteria are met here: (1) Western & Southern asserts claims arising under the Ohio Securities Act, including ORC §§ 1707.41, 1707.43 and 1707.44, as well as common-law fraud and negligent misrepresentation claims against the Defendants; (2) the only federal jurisdictional basis besides "related to" bankruptcy asserted by Defendants is under FIRREA and Defendants' third-party complaint against FDIC which, as discussed below (*see* Points IV.A and C, *infra*), both fail; (3) the Court of Common Pleas, Hamilton County, Ohio – where this action

was commenced – has jurisdiction over the parties as well as the subject-matter of this action (s*ee* Sherman Decl. ¶ 4-5); (4) the Court of Common Pleas is fully capable of adjudicating this case in a timely matter (*see id.* ¶ 3);[12] and (5) Defendants admit that this is a non-core proceeding (*see* NOR ¶ 23). As a result, because all of the requirements of Section 1334(c)(2) are met, this Court must abstain and remand the action to the Court of Common Pleas for Hamilton County.

In addition, Section 1334(c)(1) provides for permissive abstention, and the district court may remand the case if it determines that permissive abstention serves the interests of justice and comity with state courts. *See, e.g., In re Baumgartner*, 57 B.R. 517, 521 (Bankr. S.D. Ohio 1986). Section 1452(b) affords "an unusually broad grant of authority" and any one of a number of factors "may provide a sufficient basis for equitable remand." *Fed. Home Loan Bank of Chicago v. Banc of Am. Secs. LLC*, 448 B.R. 517, 525 (C.D. Cal. 2011) (internal citations omitted). The factors used to consider equitable remand either favor remand or are neutral in this case. *See In re Nat'l Century Fin. Enters.*, 323 F. Supp. 2d at 885. Equitable or permissive abstention is particularly appropriate "where the connection to the debtor's main bankruptcy case is quite remote." *Cardinal Indus., Inc. v. Suitt Constr. Co., Inc.*, 142 B.R. 807, 810 (Bankr. S.D. Ohio 1992). As discussed above, any connection between this case and the originators that underwrote a very small handful of the mortgage loans underlying the WaMu Offerings is extremely remote. And balanced against this is Western & Southern's choice of forum, which in Ohio is entitled to great weight, especially where (as here) it is a resident of its chosen forum.

Many other courts considering similar legal arguments in mortgage-backed securities cases have declined on the basis of permissive abstention because of the remote connection to the loan originators' bankruptcy cases, because most of the claims arise under state law, and

---

[12] Indeed, the Court of Common Pleas for Hamilton County has a Commercial Division with expertise in adjudicating complex litigation and there are multiple mortgage-backed securities claims currently proceeding in the Commercial Division that were filed by Western & Southern. *Id.*

because the indemnity claims at issue were attenuated and hypothetical. *See Fed. Home Loan Bank of Chicago*, 448 B.R. at 525.[13]  There is also no cognizable prejudice to Defendants that flows from the fact that these claims will be heard in state court rather than bankruptcy court. *See In re TWA*, 278 B.R. 42, 53 (Bankr. D. Del. 2002) ("[D]ismissing the instant action and allowing the issues addressed herein to be decided by the New York state court will not prejudice TWA.  As discussed above, the action does not implicate TWA's substantive rights under title 11 or affect the administration of TWA's bankruptcy estate").

## IV.     There is No Preemption or Federal Question Jurisdiction Under FIRREA

Defendants appear to argue that JPMC intends to assert an affirmative defense under FIRREA based on Western & Southern's purported failure to exhaust administrative remedies, and that as a result, FIRREA preempts Western & Southern's claims against JPMC as successor to WaMu.  NOR ¶ 12.  To the extent that JPMC intends to offer such a defense, an Ohio State court is more than able to rule on its validity, and Defendants' FIRREA arguments do not support preemption or federal question jurisdiction.

### A.      There is No Federal Question Jurisdiction Under FIERRA

Under the "well-pleaded complaint" rule which determines original federal jurisdiction, such jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987).  This

---

[13] *See also Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*, No. C10-0139 RSM, 2010 WL 3662345, at *7 (W.D. Wash. Sept. 1, 2010) (abstaining despite defendants' potential indemnification rights against mortgage lenders that had contributed loans to mortgage-backed securities); *Fed. Home Loan Bank of Seattle v. Deutsche Bank Secs., Inc.*, 736 F. Supp. 2d 1283, 1290 (W.D. Wash. 2010) (same); *Charles Schwab Corp. v. BNP Baripas Sec.*, 2011 WL 724696, at *3 (N.D. Cal. Feb. 23, 2011) (same); *Fed. Home Loan Bank of San Francisco v. Deutsche Bank Secs., Inc.*, Nos. 10-3039 SC, 10-3045 SC, 2010 WL 5394742, at *11 (N.D. Cal. Dec. 20, 2010) (same); *Fed. Home Loan Bank of Chicago v. Banc of Am. Funding Corp.*, No. 10-7560, 760 F. Supp. 2d 807, 810 (N.D. Ill. Jan. 18, 2011) (holding the prospect that a few defendants may be able to invoke "related to" bankruptcy jurisdiction because a tiny percentage of loans were originated by a lender now in bankruptcy "cannot serve as a very small jurisdictional tail that can wag the very large jurisdictional dog of this lawsuit as a whole").

"rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law" or non-removable federal law claims such as those asserted by Western & Southern under the Securities Act. *Id.*

## B.   There is No FIRREA Preemption

Complete preemption is "a narrow exception to the well-pleaded complaint rule." *Lockett v. Marsh USA, Inc.*, 354 Fed. Appx. 984, 987-988, 2009 U.S. App. LEXIS 26266, at *9 (6th Cir. 2009) (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004)). It "applies in situations where Congress has indicated an intent to occupy the field so completely that any ostensibly state law claim is in fact a federal claim for purposes of arising-under jurisdiction." *Id.* (internal quotations omitted). Such federal statutes must "provide the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank,* 539 U.S. at 8.[14]

No such intent to occupy the field exists in the context of FIRREA. Indeed, the majority view is that affirmative defenses need not be submitted to FIRREA's administrative claims review process in order to remain open to judicial review. "Four Circuit Courts of Appeal have adopted the position that affirmative defenses are not subject to FIRREA's administrative exhaustion requirement, while no Circuit Court has held that all affirmative defenses must be administratively exhausted." *Bolduc v. Beal Bank, SSB*, 994 F. Supp. 82, 89 (D.N.H. 1998). As one court recently noted: "To date, the Supreme Court has only recognized three federal statutes

---

[14] Complete preemption is "extremely rare." *Solomon v. Sprint Spectrum L.P.*, 2003 U.S. Dist. LEXIS 26068, at *4 (N.D. Ohio Aug. 27, 2003). Indeed, "the doctrine of 'complete preemption' applies *only* to Employee Retirement Income Security Act claims, Labor Management Relations Act claims and National Bank Act claims." *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 531 (6th Cir. 2010) (internal citations omitted) (emphasis added). As the party invoking removal, it is the JPMorgan Defendants' burden to establish that Plaintiffs' cause of action is completely preempted. *See Valinski v. Edison,* 197 Fed. Appx. 403, 407 (6th Cir. 2006).

that completely pre-empt state law actions; FIRREA is not among them." *Broughton-Irving v. Saphir*, 2010 U.S. Dist. LEXIS 123096, at *13 (N.D. Ill. Nov. 18, 2010) (citation omitted).

The Amended Complaint does not name WaMu Bank or the FDIC as a defendant and it makes absolutely no reference to FIRREA. Defendants also cannot dispute that FIRREA does not create a cause of action; FIRREA establishes a claims procedure that may be utilized by the FDIC to dispose of claims against banks in receivership. Nevertheless, Defendants claim FIRREA preempts state law and non-removable Securities Act claims. NOR, ¶ 12. That is just wrong. The mere establishment of an optional administrative procedure does not manifest an intent by Congress to abrogate all relevant state laws in the event a bank fails. Defendants' "exhaustion" defense simply is not grounds for permitting removal:

> Congress has provided for removal of cases from state court to federal court when the plaintiff's complaint alleges a claim arising under federal law. *Congress has not authorized removal based on a defense or anticipated defense federal in character.*

*Rivet v. Regions Bank*, 522 U.S. 470, 472 (1998) (emphasis added). Indeed, it is well established that "a defense that relies on the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute will not provide a basis for removal." *Beneficial Nat'l Bank*, 539 U.S. at 6.

### C.    JPMC's FDIC Action Does Not Provide Federal Question Jurisdiction

Alternatively, Defendants argue that the fact that JPMC (as successor to WaMu) filed a third party complaint in this action against the FDIC *after* removal confers federal question jurisdiction. They are wrong. FIRREA cannot confer federal question jurisdiction unless the FDIC was a party to the action at the time it was removed and was the party seeking to remove the case. *See Vill. of Oakwood v. State Bank & Trust Co.*, 481 F.3d 364, 369 (6th Cir. 2007) (*Village of Oakwood I*) (district court should have remanded the case back to state court because

19

the FDIC moved to intervene in the action after it was removed to federal court).  Defendants'

reliance on *Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373 (6th Cir. 2008) (*Village

of Oakwood II*) is unavailing; in that case the FDIC removed the state court action after joining

it.  *See id.* at 377.  The FDIC was not a party at the time of removal in this case and was not the

party that removed this action.  The FDIC's inclusion in this case cannot serve as a jurisdictional

hook that prevents remand, especially where – as here – Defendants manufactured that

insufficient hook after removal and Defendants failed to offer any other valid basis for removal.

## **CONCLUSION**

For all of the foregoing reasons it is respectfully submitted that this action should be

remanded to the Court of Common Pleas, Hamilton County and that the Court award Plaintiffs

attorneys fees under 28 U.S.C. Section 1147(c).

Respectfully submitted,

/s/ Glenn V. Whitaker
Glenn V. Whitaker, Trial Attorney  (0018169)
gvwhitaker@vorys.com
Eric W. Richardson (0066530)
ewrichardson@vorys.com
Adam C. Sherman (0076850)
acsherman@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
Telephone:     (513) 723-4000
Facsimile:     (513) 852-7885

David H. Wollmuth (*pro hac vice to be filed*)
dwollmuth@wmd-law.com
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:     (212) 382-3300
Facsimile:     (212) 382-0050

*Attorneys for Plaintiffs The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company and Fort Washington Investment Advisors, Inc.*

**CERTIFICATE OF SERVICE**

A copy of the foregoing Motion to Remand was served upon counsel and parties via the Court's CM/ECF System, this 25th day of August 2011.

/s/ Adam C. Sherman
Adam C. Sherman

21