## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY; WESTERN-SOUTHERN LIFE ASSURANCE COMPANY; COLUMBUS LIFE INSURANCE COMPANY; INTEGRITY LIFE INSURANCE COMPANY; NATIONAL INTEGRITY LIFE INSURANCE COMPANY; and FORT WASHINGTON INVESTMENT ADVISORS, INC. on behalf of FORT WASHINGTON ACTIVE FIXED INCOME LLC, | : : : : : : : : : : |
| Plaintiffs, | : Civil Action No. 1:11-CV-00495 |
| v. | : Chief Judge Susan J. Dlott |
| | : |
| JPMORGAN CHASE BANK, N.A.; JPMORGAN MORTGAGE ACQUISITION CORPORATION; J.P. MORGAN SECURITIES LLC; J.P. MORGAN ACCEPTANCE CORPORATION I; WASHINGTON MUTUAL MORTGAGE SECURITIES CORP.; WAMU CAPITAL CORPORATION; and WAMU ASSET ACCEPTANCE CORPORATION, | : **ORAL ARGUMENT REQUESTED** : : : : : : : : |
| Defendants. | : |

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | : : |
| Third-Party Plaintiff, | : |
| v. | : : |
| THE FEDERAL DEPOSIT INSURANCE CORPORATION, | : : : |
| Third-Party Defendant. | : |

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...............................................................................................................................3

    I.    Section 22(a) Mandates Remand ........................................................................... 3

        A.    The Plain Language of Section 22(a) Mandates Remand........................... 3

        B.    The Securities Act Claims in this Action are Wholly Distinct from the Claims Purportedly Related to the Bankrupt Originators ........................... 5

        C.    Western & Southern's Claims Are Timely ................................................. 6

    II.    THE ADDITION OF THE FDIC *AFTER* THIS CASE  WAS REMOVED CANNOT SUPPORT REMOVAL.......................................................................... 7

        A.    *Village of Oakwood I* Requires Remand...................................................... 7

        B.    JPMorgan's Amendment to Its Notice of Removal Is Irrelevant .............. 8

        C.    *Village of Oakwood II* Is Inapposite ........................................................... 9

        D.    FIRREA Does Not Preempt Western & Southern's Causes of Action .... 10

    III.    JPMORGAN FAILED TO ESTABLISH   "RELATED TO" BANKRUPTCY JURISDICTION .................................................................................................... 11

    IV.    THIS COURT SHOULD REMAND THIS CASE   EVEN IF IT HAS "RELATED TO" JURISDICITON .................................................................... 12

        A.    Mandatory Abstention ............................................................................. 12

        B.    Permissive Abstention ............................................................................. 13

            1.    Any Connection to the Cited Bankruptcy Cases is Extremely Tenuous........................................................................................... 14

            2.    State Law Claims Predominate ................................................... 14

CONCLUSION..........................................................................................................................15

## TABLE OF AUTHORITIES

**Case**                                                                                    **Page**

*American Pipe Construction Co. v. Utah*,
    414 U.S. 538 (1974).............................................................................................6

*AmSouth Bank v. Dale*,
    386 F.3d 763 (6th Cir. 2004) ............................................................................10

*Bower v. Am. Cas. Co.*,
    2001 U.S. App. LEXIS 18053 (6th Cir. Aug. 6, 2001) ...........................................3

*Brierly v. Alusuisse Flexible Packaging, Inc.*,
    184 F.3d 527 (6th Cir. 1999) ..............................................................................3

*Cardinal Indus., Inc. v. Suitt Constr. Co., Inc.*,
    142 B.R. 807 (Bankr. S.D. Ohio 1992)................................................................14

*Chapman v. Hardin County*,
    No. 3:05CV-433-S, 2006 U.S. Dist. LEXIS 47095 (W.D. Ky. May 15, 2006) ......6

*Charles Schwab Corp. v. Banc of Am. Sec. LLC*,
    2011 U.S. Dist. LEXIS 29530 (N.D. Cal. Mar. 11, 2011)....................................11

*Charles Schwab Corp. v. BNP Paribas Sec.*,
    2011 U.S. Dist. LEXIS 22322 (N.D. Cal. Feb. 23, 2011) ....................................14

*City of Birmingham Ret. & Relief Fund*,
    CV-03-BE-0994-S, 2003 U.S. Dist. LEXIS 14066 (N.D. Ala. Aug. 12, 2003) ......5

*Fed. Home Loan Bank of Chicago v. Banc of Am. Funding Corp.*,
    760 F. Supp. 2d 807 (N.D. Ill. Jan. 18, 2011).......................................................14

*Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*,
    No. C10-0139 RSM, 2010 U.S. Dist. LEXIS 102391
    (W.D. Wash. Sept. 1, 2010)..................................................................................14

*Fed. Home Loan Bank of Seattle v. Deutsche Bank Secs., Inc.*,
    736 F. Supp. 2d 1283 (W.D. Wash. 2010).............................................................13

*Fed. Home Loan Bank of S.F. v. Deutsche Bank Sec., Inc.*,
    2010 U.S. Dist. LEXIS 138564 ............................................................................13

*Grupo Dataflux v. Atlas Global Group, L.P.*,
    541 U.S. 567 (2004).................................................................................................8

*Ill. Mun. Ret. Fund*,
No. 03-465-GPM, 2003 U.S. Dist. LEXIS 16255 (S.D. Ill. Sept. 9, 2003).............5

*In re Baumgartner*,
57 B.R. 517, 519, 521 (Bankr. N.D. Ohio 1986)...................................................14

*In re Dow Corning Corp.*,
86 F.3d 482 (6th Cir. 1996) .........................................................................12, 13

*In re Morgan Stanley Mortgage Pass-Through Certificates Litigation*,
No. 09-Civ-2137, 2011 U.S. Dist. LEXIS 104280 (S.D.N.Y. Sept. 15, 2011) .......6

*In re Nat'l Century*,
323 F. Supp. 2d 861 (S.D. Ohio 2004) .................................................................12

*In re Salem Mortgage Co.*,
783 F.2d 626 (6th Cir. 1986) ...............................................................................11

*In re Transue & Williams Stamping Co.*,
1994 Bankr. LEXIS 1066 (Bankr. N.D. Ohio July 6, 1994) .................................11

*In re Vertrue Marketing and Sales Practices Litig.*,
712 F. Supp. 2d 703 (N.D. Ohio 2010)...................................................................6

*International Union, United Auto., Aero. & Agric. Implement Workers, Local 737 v. Auto Glass Emples. Fed. Credit Union*,
72 F.3d 1243 (6th Cir. 1996) .................................................................................4

*Long v. Bando Mfg. of Am., Inc.*,
201 F.3d 754 (6th Cir. 2000) .................................................................................3

*Mann v. Waste Mgmt. of Ohio, Inc.*,
253 B.R. 211 (N.D. Ohio 2000)....................................................................13, 14

*New Orleans Employees Retirement Systems v. FDIC*
No. 09-cv-134, 2009 WL 1034895 (W.D. Wash. Apr. 16, 2009) ......................3, 4

*Pioneer Inv. Servs. Co. v. Brunswick Assocs., L.P.*,
507 U.S. 380 (1993)...............................................................................................12

*Radzanower v. Touche Ross & Co.*,
426 U.S. 148 (1976).................................................................................................4

*Rhinehart v. CSX Transportation, Inc.*,
No. 10-cv-0086A (F), 2010 WL 2388859 (W.D.N.Y. June 9, 2010).....................8

*Robinson v. Michigan Consol. Gas. Co., Inc.*,
    918 F.2d 579 (6th Cir. 1990) ...............................................................................11

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
    447 B.R. 302 (C.D. Cal. 2010) ...........................................................................12

*Stratton v. Wommack*,
    230 Fed. Appx. 491 (6th Cir. 2007)......................................................................6

*Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*,
    No. 3:03-0128, 2004 U.S. Dist. LEXIS 24043 (M.D. Tenn. Oct. 8, 2004)........4, 5

*Vaccariello v. Smith & Nephew Richards, Inc.*,
    94 Ohio St. 3d 380 (Ohio 2002) ...........................................................................6

*Village of Oakwood v. State Bank & Trust Co.*,
    481 F.3d 364 (6th Cir. 2007) .............................................................................7, 8

*Village of Oakwood v. State Bank & Trust Co.*,
    539 F.3d 373 (6th Cir. 2008) .............................................................................7, 9

*Watson v. Zigila*,
    No. 10-12319, 2010 U.S. Dist. LEXIS 94761 (E.D. Mich. Sept. 13, 2010).........14

*Wyser-Pratte Management Co. v. Telxon Corp*................................................................6

**Statute**                                                                  **Page**

15 U.S.C. § 77v...............................................................................................................3, 4

28 U.S.C. § 1334(c) ...........................................................................................................13

28 U.S.C. § 1447(c) .........................................................................................................1, 3

28 U.S.C. § 1452(a) .............................................................................................................1

Ohio Securities Act, Section 22(a)................................................................................ *passim*

The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company and Fort Washington Investment Advisors, Inc. (collectively, "Western & Southern") respectfully submit this memorandum of law, along with the Declaration of Steven S. Fitzgerald, dated October 17, 2011, in further support of Plaintiffs' motion to remand this action to the Court of Common Pleas, Hamilton County pursuant to 28 U.S.C. §§ 1447 and 1334, and for an award of attorney fees pursuant to 28 U.S.C. § 1447(c).

## PRELIMINARY STATEMENT

JPMorgan Chase Bank, N.A. assumed all of the liabilities relating to Washington Mutual Bank's ("WaMu Bank's") misconduct in the sale of mortgage-backed securities ("MBS") to investors such as Western & Southern. As a result, JPMorgan's[1] claim that Western & Southern should have filed certain claims with the FDIC prior to bringing this lawsuit is without merit and cannot support removal of this action. For this and other reasons, this action should be remanded to the Ohio Court of Common Pleas.

*First*, Section 22(a) of the Securities Act requires that this case be remanded to Ohio State court. The JPMorgan Defendants argue that the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") and the relevant bankruptcy removal provision, 28 U.S.C. Section 1452(a), trump Section 22(a). This argument ignores settled rules of statutory construction.

*Second*, FIRREA has no application to this case. JPMorgan did not file its third-party complaint against the FDIC until <u>after</u> the bank removed this case from Ohio State court. Since

---

[1] JPMorgan Chase Bank, N.A., JPMorgan Mortgage Acquisition Corporation, J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Washington Mutual Mortgage Securities Corp., WaMu Capital Corp. and WaMu Asset Acceptance Corp. are collectively referred to as "JPMorgan" or the "JPMorgan Defendants."

the factual record on Western & Southern's remand motion was frozen upon removal, the complaint against the FDIC has no bearing on this motion.

*Third*, there is no bankruptcy jurisdiction over this case. The JPMorgan Defendants claim federal jurisdiction based upon the bankruptcies of certain unrelated mortgage originators with an only attenuated connection to the claims against the JPMorgan Defendants here. The record does not reflect a single proof of claim in any of the bankruptcies cited by the JPMorgan Defendants. And the claim bar dates have passed in all those bankruptcies years ago. Such a vaporous "connection" cannot form the basis of "related to" bankruptcy jurisdiction. The JPMorgan Defendants incorrectly insist that they could file additional proofs of claim in those proceedings, including five Chapter 11 cases in which reorganization plans have been confirmed, and even though they have not represented that they will in fact seek to file late proofs of claim in any of the ten bankruptcies.

*Fourth*, even if the attenuated connection to the originator bankruptcies were sufficient to confer jurisdiction, this Court should abstain under mandatory abstention, permissible abstention and the doctrine of equitable remand.

As this Court may be aware, Western & Southern has filed actions in the Court of Common Pleas for Hamilton County, Ohio, against several financial institutions. These institutions all packaged and sold the MBS that are largely responsible for the Nation's enduring financial crisis and for monumental losses suffered by Ohio investors such as Western & Southern. In what is becoming a familiar mantra from these financial institutions, JPMorgan contends that it cannot be held accountable to Ohio residents in an Ohio State court. JPMorgan may be expected to seek to quit the State of Ohio <u>entirely</u> through a multi-district panel transfer or otherwise. Western & Southern respectfully requests that the Court reject JPMorgan's

transparent forum shopping; remand to the Court of Common Pleas for Hamilton County; and order the JPMorgan Defendants to pay Western & Southern's attorney fees and expenses in opposing removal.  *See* 28 U.S.C. § 1447(c).

## ARGUMENT

The Sixth Circuit has repeatedly cautioned that "statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."  *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (citation omitted); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).  There is a strong presumption against removal, and any doubts should be decided in favor of remand back to state court.  *See Bower v. Am. Cas. Co.*, 2001 U.S. App. LEXIS 18053, at *12-13 (6th Cir. Aug. 6, 2001).  JPMorgan has failed to rebut that presumption.

## I.  SECTION 22(a) MANDATES REMAND

### A.  The Plain Language of Section 22(a) Mandates Remand

Section 22(a) of the Securities Act requires that the case be returned to Ohio State court. Section 22(a) unequivocally provides that "no case arising under [the Securities Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v.

In an attempt to circumvent the clear language of Section 22(a), JPMorgan contends that *New Orleans Employees Retirement Systems v. FDIC* holds that an action removed under FIRREA is not subject to Section 22(a).  Opp. Mem. at 16.  But the *New Orleans Employees* opinion says no such thing.  *See* No. 09-cv-134, 2009 U.S. Dist. LEXIS 39029 (W.D. Wash. Apr. 16, 2009).  In *New Orleans Employees*, the court considered a motion by the FDIC to stay proceedings for a brief period of time to accommodate an FDIC administrative claims process.

3

*Id.* at *5. The court did not cite or otherwise consider Section 22(a). *New Orleans Employees* is simply irrelevant to this case.

Section 22(a) makes no exception for removals under FIRREA, and FIRREA does not address a private litigant's ability to remove at all. The specific requirement of Section 22(a) that actions such as this one should be remanded plainly governs. *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment.").

JPMorgan nonetheless insists that this Court should disregard Section 22(a) and find bankruptcy "related to" jurisdiction. The only Sixth Circuit court to consider the issue found that Section 22(a) mandates remand even when bankruptcy related to jurisdiction is present. *Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, No. 3:03-0128, 2004 U.S. Dist. LEXIS 24043, at *17-18 (M.D. Tenn. Oct. 8, 2004).[2] *See* Western & Southern's Opening Mem. at 6-10.

In addition, Section 22(a) controls because it is the later-enacted statute. Congress amended that provision in the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") to exclude certain class actions from the mandatory remand provision of Section 22(a). *Id.* at *17-18; 15 U.S.C. § 77v, Amendments. "It is a settled principle of statutory construction that when Congress drafts a statute, courts presume that it does so with full knowledge of the existing law." *International Union, United Auto., Aero. & Agric. Implement Workers, Local 737 v. Auto Glass Emples. Fed. Credit Union*, 72 F.3d 1243, 1248 (6th Cir. 1996) (citation omitted). Although Congress was presumptively aware that Section 22(a) requires remand of cases removed under the bankruptcy removal statute, Congress never amended Section 22(a) to

---

[2] Although *Tennessee Consolidated* was appealed to the Sixth Circuit, the Sixth Circuit held that orders remanding actions to state court are not reviewable and thus did not consider the merits of the appeal. *See Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, Nos. 03-5785/5786, 2003 U.S. App. LEXIS 27926, at *6 (6th Cir. Nov. 4, 2003).

exclude actions "related to" a bankruptcy case. Congress's failure to do so confirms its intent to require remand even when bankruptcy jurisdiction exists. *Tenn. Consol. Ret. Sys.*, 2004 U.S. Dist. LEXIS 24043, at *17-19.[3]

**B.     The Securities Act Claims in This Action Are Distinct from the Claims Purportedly Related to the Bankrupt Originators**

As set forth in Western & Southern's Opening Memorandum (Opp. Mem. at 9-10), Western & Southern's action includes two distinct groups of claims:

- Claims relating to MBS issued by JPMorgan entities (the "JPMorgan Offerings") including claims under the Securities Act. JPMorgan does not assert that there is "related to" bankruptcy jurisdiction with respect to these claims.

- Claims relating to MBS issued by WaMu entities (the "WaMu Offerings"), not including Securities Act claims. JPMorgan contends there is bankruptcy "related to" jurisdiction over these claims.

JPMorgan does not address Western & Southern's argument that this Court must sever and remand Western & Southern's claims relating to the JPMorgan Offerings (as to which JPMorgan does not assert "related to" jurisdiction), even if it concludes that the claims relating to the WaMu Offerings should remain in federal court. When a claim that Congress expressly designated non-removable is removed along with a claim that is potentially removable, the non-removable claim should be severed and remanded to state court. *See Johnston v. Morton Plant Mease Healthcare, Inc.*, 2007 U.S. Dist. LEXIS 11700, at *7 (M.D. Fla. Feb. 20, 2007); *Walters v. Sears, Roebuck & Co.*, Case No. C 85-7593, 1985 U.S. Dist. LEXIS 16673, at *2-4 (N.D. Ohio 1985). Thus, even assuming that bankruptcy "related to" jurisdiction could somehow trump Section 22(a), the Court should still remand at least part of this action under Section 22(a).

---

[3] Other courts have adopted the reasoning of *Tennessee Consolidated*. *See, e.g., Ill. Mun. Ret. Fund*, No. 03-465-GPM, 2003 U.S. Dist. LEXIS 16255, at *6 (S.D. Ill. Sept. 9, 2003); *City of Birmingham Ret. & Relief Fund*, CV-03-BE-0994-S, 2003 U.S. Dist. LEXIS 14066, at *8-9 (N.D. Ala. Aug. 12, 2003).

### C.     Western & Southern's Claims Are Timely

JPMorgan claims that Western & Southern's claims are untimely.  Opp. Mem. at 16-17.

JPMorgan is incorrect; tolling under both *American Pipe* and *Vaccariello* applies here.  *See Am.*

*Pipe Construction Co. v. Utah*, 414 U.S. 538, 554 (1974); *Vaccariello v. Smith & Nephew*

*Richards, Inc.*, 94 Ohio St. 3d 380, 382-383 (Ohio 2002); *see also In re Morgan Stanley*

*Mortgage Pass-Through Certificates Litig.*, No. 09-Civ-2137, 2011 U.S. Dist. LEXIS 104280, at

*41-57 (S.D.N.Y. Sept. 15, 2011) (*American Pipe* tolls statutes of limitation and repose by class

action alleging claims concerning securities held by putative class members).[4]  Moreover,

JPMorgan has no answer to Western & Southern's argument that its statute of limitations defense

raises fact issues that are not properly resolved on the current record before the Court or on a

motion to remand.  *See, e.g., Stratton v. Wommack,* 230 Fed. Appx. 491, 498 (6th Cir. 2007)

("[W]hether a claim is barred by a statute of limitations is a factually intensive claim that this

court is ill-equipped to consider in the first instance.").

---

[4] JPMorgan's reliance on *Wyser-Pratte Management Co. v. Telxon Corp.*, 413 F.3d 553 (6th Cir. 2005) is misplaced. Courts within the Sixth Circuit apply *American Pipe* tolling prior to a ruling on class certification when no motion for class certification has been filed in the putative class action or when class claims were dismissed prior to class certification.  *See In re Vertrue Marketing and Sales Practices Litig.*, 712 F. Supp. 2d 703, 716 (N.D. Ohio 2010) (*American Pipe* applies even where "there has been no determination at all regarding the appropriateness of class certification" because case dismissed prior to any ruling on class certification); *Chapman v. Hardin County*, No. 3:05CV-433-S, 2006 U.S. Dist. LEXIS 47095, at *4-5 (W.D. Ky. May 15, 2006) (*American Pipe* applies prior to determination on class certification even where no motion for certification pending).

No motion for class certification has been filed in *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust et al v. J.P. Morgan Acceptance Corporation I et al.*, 2:08-cv-01713-ERK-WDW (E.D.N.Y), the class action that tolls Western & Southern's claims.  Western & Southern filed the instant action after JPMorgan moved to dismiss the *Pipefitters* action for lack of standing because the named plaintiffs purportedly do not hold the same certificates as Western & Southern.  *See* Fitzgerald Decl. Ex. 1 at 17 (JPMorgan brief asserting lack of standing).  If JPMorgan is correct, Western & Southern will be excluded from the class, but nothing in *Wyser-Pratte* suggests that Western & Southern should be deprived of tolling just because JPMorgan moved for dismissal for lack of standing before the class certification stage.

II.    **JOINDER OF THE FDIC *AFTER* THIS CASE
       WAS REMOVED CANNOT NOW SUPPORT REMOVAL**

A.    ***Village of Oakwood I* Requires Remand**

In *Village of Oakwood v. State Bank & Trust Co.* ("*Village of Oakwood I*"), the Sixth

Circuit held that the FDIC cannot remove an action if the agency was added to the action after

removal from state court. 481 F.3d 364, 366 (6th Cir. 2007). In that case, an action had been

filed against a failed bank in the Ohio Court of Common Pleas. *Id.* The FDIC moved to

intervene, but the agency removed the case to federal court before the state court ruled on

intervention. *Id.* Following removal, the district court granted the FDIC's motion to intervene.

*Id.*

The Sixth Circuit reversed, holding that federal question jurisdiction under FIRREA *only*

exists when the FDIC was a "party" prior to removal to federal court. *Id.* at 367. The Court of

Appeals reasoned:

> Passed as part of [FIRREA], § 1819(b)(2) deems suits to which the FDIC is a
> party to arise under federal law and specifies how and when the FDIC may
> remove cases to federal court . . . . This subsection . . . grants defendants the
> power to remove. It does not create jurisdiction, but rather allows the FDIC to
> remove cases where the district court would have original jurisdiction, typically
> under § 1331 and § 1819(b)(2)(A). . . . We thus read § 1819(b)(2) in harmony
> with the longstanding rule that intervention requires an existing claim within the
> court's jurisdiction and hold that the FDIC's intervention cannot create jurisdiction
> where none existed.

*Id.* at 368. The Court acknowledged that if the FDIC had waited for the state court to grant its

intervention motion, then the agency would have had a basis for removal. *Id.* at n.3; *see also*

*Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (*Village of*

*Oakwood II*) (noting that in *Village of Oakwood I*, remand "was necessary because the FDIC had

removed the case before the state court had granted the FDIC's motion to intervene").

This case should thus be remanded as the FDIC was not a party to this action when it was removed. JPMorgan contends that the holding of *Village of Oakwood I* is inapplicable because JPMorgan filed a third-party complaint against the FDIC three days after JPMorgan removed the action. But anything that happened after JPMorgan's removal is irrelevant, as the question of removal is judged on the facts as they existed *at the time of removal*. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 573-74 (2004) (dismissal required where district court lacked jurisdiction at time of removal even if jurisdictional defect were subsequently cured).

**B.     The Amendment to JPMorgan's Notice of Removal Is Irrelevant**

The day after JPMorgan filed its complaint against the FDIC, it filed an Amended Notice of Removal (Docket Entry No. 13) describing that complaint. *See also* Opp. Mem. at 7-8. JPMorgan has cited no authority that an amended notice of removal can act as a time-machine to change after removal the facts as they existed at the time of removal. Indeed, the one case cited by JPMorgan on this point rejects the notion that a party can amend a notice of removal to change facts as they existed at the time of removal. *See Rhinehart v. CSX Transportation, Inc.*, No. 10-cv-0086A (F), 2010 U.S. Dist. LEXIS 56602, at *20-21 (W.D.N.Y. June 9, 2010) (party permitted to amend notice of removal to include party's place of business at time of removal where no indication that place changed).

JPMorgan also argues that because the FDIC has suggested it would likely remove this case if remanded, judicial resources would be wasted by remand. Opp. Mem. at 8. This is a red-herring. *Village of Oakwood I* is clear that remand is required even if it appears that the FDIC could remove if it were made a party to the state court action. 481 F.3d at 368. In fact, the Sixth Circuit ordered remand in *Village of Oakwood I* notwithstanding that the district court had already entered a decision on the merits. *Id.* at 366. In this action, if jurisdiction were not

properly established and the case proceeded to judgment, the resources expended to reach that judgment would be wasted as the Sixth Circuit would still require that the case be remanded pursuant to *Village of Oakwood I*.

In addition, Western & Southern is not seeking remand of JPMorgan's third party complaint against the FDIC.  JPMorgan can pursue any claim for indemnification it believes it has against the FDIC in federal court.  Once Western & Southern's action is remanded, there will be two actions concerning distinct issues – Western & Southern's action against JPMorgan and its affiliates in Ohio State court relating to misconduct in the issuance of mortgage-backed securities, and an action between JPMorgan and the FDIC in this Court, where the sole issue will be whether the FDIC is required to indemnify JPMorgan for the liabilities it faces in Western & Southern's action.

### C.    *Village of Oakwood II* **Is Inapposite**

JPMorgan contends that *Village of Oakwood II* supports removal of this case, but that case is entirely inapposite.  In that case, the failed bank filed a third-party complaint against the FDIC in state court after the matter was remanded to state court.  539 F.3d at 375-76.  The FDIC effectively conceded liability for indemnification in *Village of Oakwood II* by asserting that the plaintiffs' claims should have been submitted in the receivership action.  *Id.* at 384-88.  As a result, it was clear that the FDIC was the real party in interest and could properly remove that case.

In the present case, the FDIC firmly denies that it is required to indemnify JPMorgan for WaMu's misconduct in connection with mortgage-backed securities, including the WaMu Offerings subject to the present lawsuit.  Indeed, in another dispute in which JPMorgan claims indemnification, the agency has stated:

> [JPMorgan] acquired from [the] FDIC Receiver assets with a net fair value of nearly $12 billion, including WaMu's nationwide mortgage banking operations and its valuable mortgage servicing rights. Despite its extraordinary gain and continuing profits, JPMC now seeks to walk away from the associated obligations and liabilities, by denying the plain meaning of the [Purchase and Assumption Agreement] and asserting that FDIC Receiver should bear the cost of WaMu's liabilities and obligations under the Governing Agreements.

Fitzgerald Decl. Ex. 2 at 2.

Indeed, the plain language of the governing agreements supports the FDIC's position. The Purchase and Assumption Agreement (the "P&A") expressly provides that JPMorgan Chase Bank was acquiring WaMu Bank's mortgage related assets in a "whole bank" transaction "purchas[ing] substantially all of the assets and assum[ing] all deposit and substantially all other liabilities." *Id*. Ex. 3 at 2 (second recital paragraph). Schedule 2.1 of the P&A expressly provides for the exclusion of certain liabilities, none of which relate to WaMu's misconduct in the origination and securitization of mortgage loans. *Id.* Ex. 3 at 34.

### D.       FIRREA Does Not Preempt Western & Southern's Causes of Action

JPMorgan invites this Court to be the first state or federal court to hold that FIRREA preempts state law when claims are asserted against the successor of a failed bank. Opp. Mem. at 8. Complete preemption is "a narrow exception to the well-pleaded complaint rule," and applies "in situations where Congress has indicated an intent to occupy the field so completely that any ostensibly state law claim is in fact a federal claim for purposes of arising-under jurisdiction." *AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004). Congress has expressed no intent to have FIRREA preempt state law claims like those here, and there is no reason for this Court so to extend FIRREA's reach. *See* Opening Mem. at 18-19.

### III.   JPMORGAN HAS FAILED TO ESTABLISH "RELATED TO" BANKRUPTCY JURISDICTION

In the Sixth Circuit, "related to" jurisdiction exists only where the cause of action asserted "could conceivably have any effect on the estate being administered in bankruptcy." *Robinson v. Michigan Consol. Gas. Co., Inc.*, 918 F.2d 579, 583 (6th Cir. 1990). While the Court of Appeals has adopted a broad standard for bankruptcy "related to" jurisdiction, it has done so with the caveat that "'situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement.'" *Id.* (quoting *In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir. 1986)). This is just such a case.

The JPMorgan Defendants have failed to establish any connection to any of the originator bankruptcies, because, among other things, they have provided no evidence that they filed a proof of claim in any of the bankruptcies. Since the claim bar date has passed in all ten of those bankruptcies, any possible connection between this action and the originators' bankruptcies is too remote and tenuous to form the basis of "related to" jurisdiction. *See In re Transue & Williams Stamping Co.*, 1994 Bankr. LEXIS 1066, at *17-19 (Bankr. N.D. Ohio July 6, 1994) (no effect on bankruptcy estate where no party seeking removal had filed proof of claim prior to bar date).

JPMorgan contends that bankruptcy estates with confirmed plans "frequently" form the basis for "related to" jurisdiction. Opp. Mem. at 13. This is not correct, and indeed, the JPMorgan Defendants cite only one case to support the "frequency" of such an outcome, *Charles Schwab Corp. v. Banc of Am. Sec. LLC*, 2011 U.S. Dist. LEXIS 29530 (N.D. Cal. Mar. 11, 2011). In that case, defendants were able to establish automatic indemnification rights against the bankruptcy estate based on duly filed proofs of claim *Charles Schwab*, 2011 U.S. Dist.

LEXIS, at *16. The JPMorgan Defendants have not made – and cannot make – any similar showing.

The JPMorgan Defendants insist, however, that because there is some possibility that they could file a late proof of claim in an originator's bankruptcy, there is "related to" jurisdiction. Opp. Mem. at 13. But empty statements cannot confer "related to" jurisdiction. As a minimum condition to asserting "related to" jurisdiction, the JPMorgan Defendants should be required to represent that they intend to file proofs of claim. *See In re Dow Corning Corp.*, 86 F.3d 482, 490-94 (6th Cir. 1996) (finding related to jurisdiction but noting that all parties either had filed or represented that they would file indemnification claims).

The JPMorgan Defendants rely on *Pioneer Inv. Servs. Co. v. Brunswick Assocs., L.P.*, 507 U.S. 380 (1993) for the proposition that they may still file proofs of claim, all of which are inapposite. Opp. Mem. at 13.[5] *Pioneer* held that, subject to certain exceptions, Rule 9006(b) generally allows for enlargement of an expired deadline in a bankruptcy case in the court's discretion, but only upon a showing of "excusable neglect." As a sophisticated financial institution with access to vast amounts of legal resources, the JPMorgan Defendants would have no chance of meeting this standard. *Pioneer*, 507 U.S. at 398 (discussing "excusable neglect" standard).

## IV.    THIS COURT SHOULD REMAND
##          EVEN IF IT FINDS "RELATED TO" JURISDICITON

### A.    Mandatory Abstention

For mandatory abstention to apply, a proceeding must:  "(1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be

---

[5] Two other cases cited by JPMorgan are plainly inapposite. In both *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 307 (C.D. Cal. 2010), and *In re Nat'l Century*, 323 F. Supp. 2d 861, 867 (S.D. Ohio 2004), defendants had filed timely proofs of claim.

commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding."  *In re Dow Corning Corp.*, 86 F.3d at 497.  All of those criteria are met here.  *See* Opening Mem. at 15-16.

Moreover, as set forth above in Section I(B), all claims concerning the JPMorgan Offerings must be remanded regardless of whether there is "related to" jurisdiction over the claims relating to the WaMu Offerings.  Thus, for the purposes of whether mandatory abstention applies, the only relevant claims are the state law claims concerning the WaMu Offerings.

### B.    Permissive Abstention

Even if mandatory abstention were inapplicable, the Court should still abstain from asserting jurisdiction under the principles of discretionary abstention and equitable remand. Section 1334(c)(1) provides that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."  28 U.S.C. § 1334(c)(1).  Courts consider a number of factors in exercising their discretion to abstain from "related to" jurisdiction.  *See* Opening Mem. at 14-16;  *Mann v. Waste Mgmt. of Ohio, Inc.*, 253 B.R. 211, 214 (N.D. Ohio 2000).[6]  The balance of these factors weighs heavily in favor of permissive abstention.

---

[6] *Mann* lists the following factors:

> 1) the effect or lack of effect on the efficient administration of the estate if a court abstains; 2) the extent to which state law issues predominate over bankruptcy issues; 3) the difficulty or unsettled nature of the applicable state law; 4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; 5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 7) the substance rather than form of an asserted 'core' proceeding; 8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; 9) the burden of this court's docket; 10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11) the existence of a right to a jury trial; 12) the presence in the proceeding of nondebtor parties; and 13) any unusual or other significant factors.

###### 1. Any Connection to the Originator Bankruptcies is Extremely Tenuous

Permissive or "equitable" abstention is particularly appropriate "where the connection to the debtor's main bankruptcy case is quite remote." *Cardinal Indus., Inc. v. Suitt Constr. Co., Inc.*, 142 B.R. 807, 810 (Bankr. S.D. Ohio 1992). As discussed in Point III above, any arguable connection between this case and the originator bankruptcies cited in the Notice of Removal is fleeting at best.[7]

###### 2. State Law Claims Predominate

Where – as here – state law claims predominate and federal jurisdiction is purportedly based on a potential indemnification right against a third party debtor, permissive abstention is appropriate. *See, e.g., Watson v. Zigila*, No. 10-12319, 2010 U.S. Dist. LEXIS 94761, at *15-16 (E.D. Mich. Sept. 13, 2010); *Mann*, 253 B.R. at 215 ("[F]ederal courts should not be hesitant to decline to exercise jurisdiction when state issues substantially predominate.") (internal quotation omitted).

---

[7] *See, e.g., Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*, No. C10-0139 RSM, 2010 U.S. Dist. LEXIS 102391, at *16, 20-21 (W.D. Wash. Sept. 1, 2010) (abstaining despite defendants' potential indemnification rights against mortgage lenders); *Fed. Home Loan Bank of Seattle v. Deutsche Bank Secs., Inc.*, 736 F. Supp. 2d 1283, 1290-91 (W.D. Wash. 2010) (same); *Charles Schwab Corp. v. BNP Paribas Sec.*, 2011 U.S. Dist. LEXIS 22322, at *13-14 (N.D. Cal. Feb. 23, 2011) (same); *Fed. Home Loan Bank of Chicago v. Banc of Am. Funding Corp.*, 760 F. Supp. 2d 807, 810 (N.D. Ill. Jan. 18, 2011) (loans originated by a lender now in bankruptcy "cannot serve as a very small jurisdictional tail that can wag the very large jurisdictional dog of this lawsuit as a whole").

## <u>CONCLUSION</u>

For all of the foregoing reasons, Western & Southern respectfully submits that this action should be remanded to the Court of Common Pleas, Hamilton County, and that the Court should award Plaintiffs attorney fees under 28 U.S.C. § 1147(c).

Respectfully submitted,

/s/ David H. Wollmuth
David H. Wollmuth (*pro hac vice*)
dwollmuth@wmd-law.com
Steven S. Fitzgerald (*pro hac vice*)
sfitzgerald@wmd-law.com
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:     (212) 382-3300
Facsimile:     (212) 382-0050

-and-

Glenn V. Whitaker, Trial Attorney  (0018169)
gvwhitaker@vorys.com
Eric W. Richardson (0066530)
ewrichardson@vorys.com
Adam C. Sherman (0076850)
acsherman@vorys.com
Erik B. Bond (0087188)
ebbond@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
Telephone:     (513) 723-4000
Facsimile:     (513) 852-7885

*Attorneys for Plaintiffs The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company and Fort Washington Investment Advisors, Inc.*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Reply Memorandum of Law was served

upon counsel and parties via the Court's CM/ECF System, this 17th day of October 2011.


<u>/s/ STEVEN S. FITZGERALD</u>
Steven S. Fitzgerald

16