UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY et al., <br>                              Plaintiffs, <br> v. <br> JPMORGAN CHASE BANK, N.A. et al., <br>                              Defendants. | Civil Action No. 1:11-CV-00495 <br> Chief Judge Susan J. Dlott <br> **JOINT DISCOVERY PLAN** |
| JPMORGAN CHASE BANK, N.A., <br>                              Third-Party Plaintiff, <br> v. <br> THE FEDERAL DEPOSIT INSURANCE CORPORATION, <br>                              Third-Party Defendant. | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Pretrial Procedure Outline.  The parties conducted their discovery conference on October 11, 2011.

    1.    **<u>MAGISTRATE CONSENT</u>**

The Parties:

- ☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

- ☒ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

- ☐ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

2. **RULE 26(A) DISCLOSURES**

☐ There are no changes that need to be made in the timing, form, or requirement for disclosures under Rule 26(a). All disclosures required by Rule 26(a)(1) have been made by the parties hereto or will be made by the time of the scheduled Preliminary Pretrial Conference.

☒ The parties agree to delay the initial disclosure until <u>30 days</u> from the date of entry of an Order resolving Defendants' anticipated motion to dismiss.

  ☐ to give the Court time to rule on the pending dispositive motion.

  ☒ Defendants contend that all discovery including service of initial disclosures must be stayed pending the motion to dismiss pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Plaintiffs do not believe that the PSLRA discovery stay applies to many of the state law claims asserted in this action, but are willing to agree to this Joint Discovery Plan. To the extent this action is remanded to the Ohio Court of Common Pleas, Hamilton County, this Joint Discovery Plan will no longer be applicable and scheduling of discovery and other matters shall be determined in the state court proceeding.

  ☒ Third-party defendant FDIC in its Corporate Capacity (FDIC-Corporate) objects to initial disclosures on its part as inappropriate in this action.[1]

3. **DISCOVERY ISSUES AND DATES**

A. Issues for Discovery:

  (i) Plaintiffs contend that discovery will need to be conducted on issues, including: Defendants' liability for false and misleading statements in the offering materials associated with the ten mortgage-backed securities offerings described in the complaint; Defendants' actions in foreclosure proceedings that are the subject of a Consent Order with the Office of the Comptroller of the Currency and have been reported by a wide variety of sources since September 2010; allegations made by the United States Securities and Exchange Commission that Defendants induced clients to invest in mortgage related assets despite knowing that these assets were

---

[1] Pursuant to Fed. R. Civ. P. 26(a)(1)(C), FDIC-Corporate objected during the parties' Rule 26(f) conference. FDIC-Corporate states that the Third-Party Complaint by defendant/third-party plaintiff JPMorgan Chase Bank, N.A. (JPMC) (Dkt. 12), asserts that FDIC as Receiver for Washington Mutual Bank, a separate third-party defendant (FDIC-Receiver), is obligated to indemnify JPMC. FDIC-Corporate is named solely as a guarantor of FDIC-Receiver's performance. The terms of the guarantee are set out in the Purchase and Assumption Agreement, which is already part of the record in this case (Dkt. 12-1). In these circumstances, FDIC-Corporate states that engaging in initial disclosures would produce no additional useful information and would be an unnecessary expenditure of time and resources.

    poor investments; Defendants' relationship with Clayton Holdings and other due diligence providers that, as reported by the Congressional Financial Crisis Inquiry Commission, informed Defendants that they were including loans in mortgage-backed securities pools that did not comply with applicable underwriting standards; and Defendants' acquisition of certain assets and liabilities in connection with the receivership of Washington Mutual Bank; issues pertaining to damages.

  (ii) Defendants contend that discovery may, depending on the outcome of anticipated motions to dismiss, need to be conducted on the issues of: Plaintiffs' compliance with the applicable statutes of limitations and repose; Plaintiffs' knowledge concerning the characteristics and risks of the securities at issue in this action, prior to their purchase; Plaintiffs' purported reliance on alleged misstatements made by Defendants in purchasing the securities at issue in this action; issues pertaining to causation and damages; Plaintiffs' compliance with the requirements of FIRREA; and issues pertaining to the FDIC's indemnification obligations under the 2008 Purchase and Assumption Agreement.

B. Disclosure or discovery of electronically stored information should be handled as follows:

The parties will submit an electronic discovery protocol within 30 days of entry of an order resolving Defendants' anticipated motion to dismiss.

C. The parties recommend that discovery

  ☐ need not be bifurcated

  ☐ should be bifurcated between liability and damages

  ☒ should be bifurcated between factual and expert

  ☐ should be limited in some fashion or focused upon particular issues which

    relate to _____

D. Disclosure and report of plaintiff expert(s)

19 months after entry of an Order resolving Defendants' anticipated motion to dismiss.

E. Disclosure and report of defendant expert(s)

3

          20 months after entry of an Order resolving Defendants' anticipated motion to dismiss.

F.     Discovery cutoff:

          Fact discovery—18 months after disposition of anticipated motion to dismiss.

          Expert discovery—22 months after disposition of anticipated motion to dismiss.

G.     Anticipated discovery problems

        ☐

        ☒    None

4.    **LIMITATIONS ON DISCOVERY**

A.    Changes in the limitations on discovery

        ☐    Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

        ☒    Extension of number of depositions (currently 10) permitted:[2]

            Plaintiffs contend that the number of deposition (excluding expert witness depositions) should be extended to 70 fact witnesses: 45 for Plaintiffs and 25 for Defendants. Plaintiffs assert that they will need a minimum of 45 fact witness deposition given that there are ten distinct mortgage-backed securities offerings at issue in the present case that will involve different witnesses.

            Defendants contend that the number of depositions should extended to 50, 25 for Plaintiffs/25 for Defendants. Defendants assert that the inclusion of claims with respect to ten mortgage-backed securities offerings does not require 20 additional depositions for Plaintiffs because the ten securitizations involve only two securitization sponsors and a limited and overlapping set of individuals. Plaintiffs, furthermore, have reserved the right to apply to the court for additional depositions for good cause shown.

        ☒    Extension of number of interrogatories (currently 25) to \_\_.

            Plaintiffs contend that the number of interrogatories should be extended to 40.

---

[2] Each party reserves the right to apply to the court for additional depositions upon the showing of good cause.

      Defendants contend that the number of interrogatories should not be extended.

    ☐ Other: _____.

    ☐ None

  B. Protective Order

    ☒ A protective order will likely be submitted to the Court within <u>30 days</u> from the date of entry of an Order resolving Defendants' anticipated motion to dismiss.

    ☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F. 3d 219 (6th Cir. 1996).

5. **OTHER COURT ORDERS UNDER RULE 26(C) OR RULE 16(B) AND (C)**

☐ The plaintiff anticipates the need for the Court to set a deadline to allow for the amendment of the complaint to

  ☐ add parties.

  ☐ add additional claims.

  ☐ add factual allegations to support original claim(s).

  ☐ _____.

/s/ Steven S. Fitzgerald  
David H. Wollmuth (*pro hac vice*)  
dwollmuth@wmd-law.com  
Steven S. Fitzgerald (*pro hac vice*)  
sfitzgerald@wmd-law.com  
WOLLMUTH MAHER & DEUTSCH LLP  
500 Fifth Avenue  
New York, New York 10110  
Telephone: (212) 382-3300  
Facsimile: (212) 382-0050  
    -and-

/s/ Gregory A. Harrison  
Gregory A. Harrison (0029814)  
DINSMORE & SHOHL LLP  
1900 Chemed Center  
255 East Fifth Street  
Cincinnati, OH  45202  
Telephone:  513-977-8200  
Facsimile:   513-977-8141  
Email:  greg.harrison@dinslaw.com

Sharon L. Nelles (*pro hac vice*)

| | |
|---|---|
| Glenn V. Whitaker, Trial Attorney  (0018169)<br>gvwhitaker@vorys.com<br>Eric W. Richardson (0066530)<br>ewrichardson@vorys.com<br>  Adam C. Sherman (0076850)<br>acsherman@vorys.com<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>Suite 2000, Atrium Two<br>221 East Fourth Street<br>Cincinnati, Ohio 45202<br>Telephone:     (513) 723-4000<br>Facsimile:      (513) 852-7885<br><br>*Attorneys for Plaintiffs The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company and Fort Washington Investment Advisors, Inc.* | Darrell S. Cafasso (*pro hac vice*)<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY  10004-2498<br>Telephone:  212-558-4000<br>Facsimile:  212-558-3588<br>E-Mail:  nelless@sullcrom.com<br><br>*Attorneys for Defendants and Third Party Plaintiff* |
| /s/  Scott H. Christensen_____<br>Kaye A. Allison<br>Counsel, Commercial Litigation Unit<br>FEDERAL DEPOSIT INSURANCE CORPORATION<br>3501 Fairfax Drive, Room VS-D7062<br>Arlington, Virginia 22226<br>Telephone:  (703) 562-2676<br>Facsimile:  (703) 562-2475<br>Email:  kallison@fdic.gov<br><br>William R. Stein (*pro hace vice application forthcoming*)<br>Scott H. Christensen (*pro hace vice application forthcoming*)<br>HUGHES HUBBARD & REED LLP<br>1775 I Street, N.W., Suite 600<br>Washington, D.C. 20006-2401<br>Telephone: (202) 721-4600<br>Facsimile: (202) 721-4646<br><br>*Attorneys for Third-Party Defendant Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank* | /s/ Daniel H. Kurtenbach_____<br>Daniel H. Kurtenbach<br>D.C. Bar No. 426590<br>Counsel, FDIC<br>3501 Fairfax Drive, Room VS-D7026<br>Arlington, VA 22226<br>703-562-2465<br>dkurtenbach@fdic.gov<br><br>*Attorney for Third-Party Defendant Federal Deposit Insurance Corporation in its Corporate Capacity* |

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Joint Discovery Plan was served upon counsel and parties via the Court's CM/ECF System, this 24th day of October 2011.

/s/ STEVEN S. FITZGERALD
Steven S. Fitzgerald